IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-03237-RBJ

CHARLES C. ADAMS, JR., an individual,

    Plaintiff,

v.

ROBINSON OUTDOOR PRODUCTS, LLC, a corporation,

    Defendant.

## ORDER

This matter is before the Court on defendant's motion to set aside entry of default as to Robinson Outdoor Products, LLC. [docket #7]. The Court notes at the outset that it is a social friend of plaintiff's counsel, James Jablonski. The Court does not believe the relationship will cause the Court to be biased in the plaintiff's favor. Nevertheless, if defendant so requests, the Court will disqualify itself, vacate this order, and ask the Clerk's Office to reassign the case to another judge.

**Facts**

Charles C. Adams, Jr. initiated this suit against Robinson Outdoor Products, LLC (Robinson) on December 12, 2012 alleging breach of contract, unjust enrichment, promissory estoppel, and misappropriation of name or likeness. [#1]. Mr. Adams alleges that he entered into a representation agreement with Robinson Laboratories, Inc. for the use of his name, signature, photograph, likeness, and quotations in the marketing of certain Robinson Laboratories products. Complaint at ¶ 9. Robinson Laboratories, Inc. no longer exists, but Mr.

Adams alleges that Robinson Outdoor Products, LLC is a successor company to Robinson Laboratories, Inc.  Mr. Adams is seeking $90,000 in actual damages as well as exemplary damages and attorneys' fees from Robinson Outdoor Products, LLC.  *Id.* at p. 9.

According to Robinson, Mr. Adams and Robinson had been in a dispute over these claims for more than a year before the suit was filed.  Shultz Dec. ¶ 4.  [#12-1].  After the complaint was filed, counsel for Mr. Adams sent Robinson and its Minnesota lawyer a copy of the complaint and a request to waive service.  *Id.* at ¶ 5.  Robinson declined to waive service, and Mr. Adams effectuated service on Robinson's registered Delaware agent on January 9, 2013.  *Id.* at ¶¶ 5-6.  Robinson maintains that its registered agent did not alert it that service had been completed.  *Id.* at ¶ 6.  At the end of the day on Friday, February 15, 2013, the Chief Manager of Robinson, Scott Shultz, requested that Robinson's attorney check on the complaint to make sure that service had not been completed.  *Id.* at ¶ 8.  That weekend, Mr. Shultz learned that service had been completed on January 9, 2013 and a return of summons was completed on January 14, 2013, making Robinson's response past due.  *Id.*  Robinson immediately sought local counsel, and they entered their appearance on Tuesday, February 20, 2013.  [##8,9].  However, the Clerk had already entered an entry of default the day before, February 19, 2013.  [#7].  On February 21, 2013 Robinson filed this motion asking the Court to set aside the Clerk's entry of default.  [#12].  In the motion Robinson advised the Court that after conferring, plaintiff's counsel indicated that plaintiff opposes the relief sought.  In plaintiff's response to the motion, plaintiff does not expressly state that it opposes the relief sought.  Rather, he states that if the default is vacated, he requests an award of $1,325 in fees and costs incurred in preparing the motion for entry of default and the response to defendant's motion.

**Standard of Review**

The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The good cause standard is less demanding than the excusable neglect standard which must be shown to obtain relief from judgment under Fed. R. Civ. P. 60(b). *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 775 .6 (10th Cir. 1997).

**Conclusions**

"The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970). In determining whether to set aside the Clerk's entry of default, the Tenth Circuit has considered three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992)). A court does not need to consider all of these factors and can choose to consider additional factors. *Guttman v. Silverberg,* 167 Fed. App'x, 1, 4 (10th Cir. 2005). Thus, it is the duty of the Court to weigh the judicial preference for resolving cases on their merits against considerations of "social goals, justice, and expediency." *Gomes,* 420 F.2d at 1366.

Culpability

"A willful failure to respond constitutes culpable conduct." *Promcom Supply, LLC, v. Langer,* No. 12-cv-00391-MSK-KMT, 2012 WL 2366617 (D. Colo. June 21, 2012) (citing *United States v. Timbers Reserve, Routt Cnty.,* 999 F. 2d 452, 454 (10th Cir. 1993). Conversely, an honest mistake does not amount to a willful failure to respond. *Zen & Art of Clients Server*

*Computing, Inc. v. Resource Support Assocs., Inc.,* No. 06-cv-00239-REB-MEH, 2006 WL 1883171, at *2 (D. Colo. July 7, 2006). If a defendant can show an honest mistake and a quick response to remedy the mistake, culpability is mitigated. *Promcom Supply,* 2012 WL 2366617, at *2. Robinson acknowledges that it was aware of the lawsuit and that it refused to waive service. However, it claims that it did not know that it had been properly served because its registered agent in Delaware did not alert its Chief Manager or attorneys in Minnesota. Once Robinson became aware, on February 16 or 17, 2013, it quickly obtained local counsel and entered an appearance. Thus, although Robinson's mistake was entirely its own, its failure to respond was honest, it responded quickly and appropriately to the entry of default, and it did not intend to delay the litigation. *See id.*

Prejudice

Robinson filed this motion only one day after the Clerk's entry of default. In his response, Mr. Adams does not argue any prejudice other than the attorneys' fees and costs he incurred in preparing and filing the motion for entry of default which was necessitated by Robinson's failure to respond. "The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead." *Littlefield v. Walt Flanagan & Co.,* 498 F.2d 1133, 1136 (10th Cir. 1974). For example, in *Archer v. Darling,* the court ordered defendants to pay plaintiffs reasonable attorneys' fees incurred in seeking an entry of default. *Archer v. Darling,* No. 09-cv-01988-PAB-KMT, 2011 WL 63634 (D. Colo. Jan. 7, 2011). Therefore, the Court finds that relief could be fashioned in such a way as to mitigate any prejudice to Mr. Adams. The Court notes that although the defendant asks the Court not to award costs or fees, it does not dispute the amount requested.

Meritorious Defenses

Robinson explains that it plans to assert four complete defenses to liability: (1) that no contract exists between Robinson and Mr. Adams; (2) that even if there is a contract, Mr. Adams anticipatorily breached the contract by failing to perform his obligations thereunder; (3) that this Court lacks personal jurisdiction; and (4) that venue is improper. "[T]he court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense in the action." *In re Stone,* 588 F.2d 1316, 1319 (10th Cir. 1978). Without examining the merits of these defenses too carefully, Robinson has provided specific facts that, if true, could provide a meritorious defense to Mr. Adams's claims. Because Robinson has set forth specific defenses to its liability, this Court believes that it should have the opportunity to assert those defenses against Mr. Adams. For the reasons described above, good cause exists to set aside the Clerk's entry of default.

**Order**

1. Defendant's motion to set aside entry of default [#12] is GRANTED.
2. Defendant Robinson Outdoor Products, LLC is relieved from entry of default [#7].
3. Defendant is ordered to pay plaintiff's reasonable attorney's fees and costs incurred in filing the entry of default in the amount of $1375.00. This amount is to be paid to plaintiff's counsel within 14 days of this order.
4. Defendant has 14 days to move, answer, or otherwise respond to the complaint [#1].

DATED this 8th day of April, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge